IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AB COASTER HOLDINGS, INC. a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **CIVIL ACTION FILE NUMBER: 2:10-CV-06760 (SDW-MCA)** |
| ICON HEALTH & FITNESS, INC. a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) ) ) | |

**DEFENDANT ICON HEALTH & FITNESS, INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

James P. Flynn
EPSTEIN BECKER GREEN
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 642-1900
Facsimile:  (801) 639-8931
(jflynn@ebglaw.com)

Attorneys for Defendant
ICON Health & Fitness, Inc.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION..................................................................................... 1

II.  FACTUAL BACKGROUND .................................................................... 1

III. ARGUMENT ........................................................................................... 4

    A.   Utah is A Proper Venue for this Action.............................................5

    B.   Private Interest Factors ....................................................................6

        1.   Plaintiff's Choice of Forum vs. Defendant's Preferred Forum....................6

        2.   The Asserted Claims Arose in Utah.............................................................7

        3.   New Jersey is convenient to neither party, Utah is convenient to ICON.................................................................................................................8

        4.   ICON's Material Witnesses Are Located In Utah ........................................9

        5.   ICON's Documents and Files are Located in Utah .....................................11

    C.   Public Interest Factors.....................................................................12

        1.   A Judgment In Utah Is Easily Enforced Against ICON ............................13

        2.   Practical Considerations Weigh In Favor Of Transfer To Utah ...............13

        3.   Utah Has An Interest In Adjudicating The Conduct Of ICON..................14

IV.  CONCLUSION ...................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Advanced Techs. v. Nokia Siemens Networks US, LLC*,
     Civ. No. 09-cv-6233, 2010 WL 3522794 (D.N.J. Sept. 2, 2010).................11

*Ballard Med. Prod. v. Concord Labs., Inc.*,
     700 F. Supp. 796 (D. Del. 1988).....................................................8

*Brinkmeier v. Exergen Corp.*,
     Civ. No. 10-176, 2011 WL 8948 (D. Del. Jan. 3, 2011)...............................7

*Cirrex Sys., LLC v. InfraReDx, Inc.*,
     Civ. No. 10-3952, 2010 WL 3431165 (S.D.N.Y. Aug. 31, 2010)....7, 8, 9, 12

*COA Network, Inc. v. J2 Global Comm's, Inc.*,
     Civ. No. 09-6505, 2010 WL 2539692 (D.N.J. Jun. 17, 2010).......................15

*Continental Grain Co. v. Barge FBL585*,
     364 U.S. 19, 80 S.Ct. 1470 (1960)..................................................4

*Ferens v. John Deere Co.*,
     494 U.S. 516 (1994)...............................................................15

*Herbert Ltd. P'ship v. Elec. Arts Inc.*,
     325 F. Supp. 2d 282 (S.D.N.Y. 2004)...............................................10

*Illumina, Inc. v. Complete Genomics*,
     Civ. No. 10-649, 2010 WL 4818083 (D. Del. Nov. 9, 2010).................11, 13

*In re Genentech, Inc.*,
     566 F.3d 1338 (Fed. Cir. 1999)....................................................11

*Jumara v. State Farm Ins. Co.*,
     55 F.3d 873 (3d Cir. 1995)...............................................5, 6, 12, 13

*LG Elec's, Inc. v. First Intl'l Computer, Inc.*,
     138 F. Supp. 2d 574 (D.N.J. 2001) ................................................10

iii

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
    670 F. Supp. 2d, 349 (D. Del. 2009) ................................................................ 14

*Norman IP Holdings, LLC v. Casio Computer Co., Ltd.*,
    Civ. No. 6:09-cv-270, 2010 WL 4238879 (E.D. Tex. Oct. 27, 2010) .......... 11

*Rappaport v. Steven Spielberg, Inc.*,
    16 F. Supp. 2d 481(D.N.J. 1998) .................................................................... 6

*Refined Recommendation Corp. v. Netflix*,
    Civ. No. 2008 WL 474106 (D.N.J. Feb. 14, 2008) ...................................... 13

*Ricoh Co. v. Honeywell, Inc.*,
    817 F. Supp. 473 n.17 (D.N.J. 1993) ............................................................ 7

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970) ............................................................................ 13

*SIAS v. Law Offices of Andreu, Palma*,
    Civ. No. 10-3773, 2011 U.S. Dist. LEXIS 10085 (D.N.J. Feb. 2, 2011) . 5, 15

*Solomon v. Continental Am. Life Ins. Co.*,
    472 F.2d 1043 (3d Cir. 1973) .................................................................... 5, 14

*Suhre Assoc's, Inc. v. Interroll Corp.*,
    No. 05-4332, 2006 WL 231675 (D.N.J. Jan. 31, 2006) ............................... 15

*Teleconference Sys. v. Proctor & Gamble Pharm.*,
    676 F. Supp. 2d 321(D.N.J. 2009) ............................................................... 10

*White v. ABCO Eng'g Corp.*,
    199 F.3d 140 (3d Cir. 1999) .......................................................................... 4

## **STATUTES**

28 U.S.C. § 1400 .................................................................................................. 4

28 U.S.C. § 1404 ........................................................................................... 1, 4, 8

28 U.S.C. §§ 1391 .............................................................................................. 4, 5

Defendant ICON Health & Fitness, Inc. ("ICON") submits this memorandum in support of its motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (the "Motion"). Through this Motion, ICON seeks to transfer the above-captioned action (the "Action") to a more appropriate venue, the United States District Court for the District of Utah (the "Utah Court"), as the Utah Court is the more convenient and just forum and neither ICON nor Ab Coaster Holdings, Inc. ("Ab Coaster") has any connection to New Jersey that would make Ab Coaster's chosen forum the appropriate venue.

## I.   INTRODUCTION

Headquartered in Logan, Utah, ICON has established a highly successful business as a manufacturer and retailer of exercise equipment, including treadmills, abdominal machines, ellipticals, and stationary bikes. Ab Coaster, a Delaware corporation with its headquarters in Delaware, filed this Action in the United States District Court for the District of New Jersey (the "New Jersey Court"), alleging that ICON's Ab Glider product infringes two of Ab Coaster's patents. This Action should be transferred to the Utah Court under 28 U.S.C. § 1404(a) because the material evidence in this Action is located in Utah, the majority of the witnesses are located in Utah, and ICON has only *de minimus* contact with New Jersey.

## II.   FACTUAL BACKGROUND

For nearly thirty years ICON has been in the business of designing, developing, manufacturing, and selling fitness equipment. [Declaration of William

1

Dalebout ("Dalebout Decl.") at ¶ 3.] ICON employs more than 3,000 people worldwide, nearly 2,700 of them in northern Utah. (Dalebout Decl. at ¶ 4.) ICON's international headquarters, research & development center, testing labs, injection molded plastics plant and main manufacturing facility are located in Logan, Utah and the surrounding areas. (Dalebout Decl. at ¶ 5.) ICON is a leader in the fitness equipment industry, and offers for sale many exercise devices including treadmills, ellipticals, and stationary bicycles. (Dalebout Decl. at ¶ 6.) In large part, ICON has achieved its success by being an industry leader in the innovation and development of exercise equipment. (Dalebout Decl. at ¶ 7.)

One of ICON's innovative new products is called the "Ab Glider." The Ab Glider is a device that uses both lateral and horizontal motion to engage and exercise the body's core muscle groups, as well as upper body, arm, chest, and shoulder muscle groups. (Dalebout Decl. at ¶ 8.) The Ab Glider was designed and developed in Logan, Utah. (Dalebout Decl. at ¶ 9.) The ICON employees that worked on the Ab Glider development team all work for ICON at its Logan, Utah facility. (Dalebout Decl. at ¶¶ 10-11.) While the Ab Glider is manufactured in China, the ICON employee responsible for overseeing the manufacture of the Ab Glider product works at ICON's Logan, Utah facility and resides nearby. (Dalebout Decl. at ¶ 12.)

ICON has filed several patent applications on the Ab Glider technology, and the attorneys prosecuting those applications are also located in Utah. (Dalebout Decl. at ¶ 13.) Each of the inventors listed on these applications resides in Utah, near ICON's headquarters in Logan, Utah. *Id.* ICON stores virtually all of the documents relating to the design, development, manufacture, and sale of the Ab Glider in ICON's Logan, Utah facility. (Dalebout Decl. at ¶ 14.)

ICON markets and sells its Ab Glider product via infomercial, the Internet, and other traditional marketing channels. (Dalebout Decl. at ¶ 15.) ICON has sold the Ab Glider product in New Jersey; however, the New Jersey sales only account for a small percentage of ICON's total sales of the Ab Glider. (Dalebout Decl. at ¶ 16.) ICON has never sold any Ab Glider product to a retail partner headquartered in New Jersey. *Id.* It appears that the limited number of sales of the Ab Glider products in New Jersey were via the internet or in response to direct advertising as a result of infomercials broadcast over nationwide advertising channels. *Id.* ICON has never attended a trade show in New Jersey at which the Ab Glider was displayed or offered for sale. (Dalebout Decl. at ¶ 17.)

Ab Coaster claims to hold the right, title, and interest to United States Patent No. 7,455,633 ("the '633 Patent") and United States Patent No. 7,485,097 ("the '079 Patent"). (Complaint at ¶¶ 5, 7; *see also* Complaint, Exhs. C and D.) Wallace Brown ("Brown") and Robert W. Nelson ("Nelson") are listed as the inventors of

both the '633 Patent and the'079 Patent. (*Id.*)  The face of both patents lists

Brown's residence as New Jersey and Nelson's residence as Texas. (Complaint,

Exhs. C and D.)

On December 23, 2010, Ab Coaster filed this Action in the New Jersey

Court, claiming that ICON's Ab Glider product infringes both the '633 Patent and

the '079 Patent.[1]  (Complaint at ¶¶ 10, 16.)  Ab Coaster states that venue is proper

in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. §

1400(b).  (Complaint at ¶ 4.)

## III.   ARGUMENT

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to

any other district or division where it might have been brought," for the

convenience of the parties and witnesses, and in the interest of justice.  "'The idea

behind 1404(a) is that where a civil action to vindicate a wrong—however brought

in a court—presents issues and requires witnesses that make one District Court

more convenient than another, the trial judge can, after findings, transfer the whole

action to the more convenient court.'"  *White v. ABCO Eng'g Corp.*, 199 F.3d 140,

143 (3d Cir. 1999) (quoting *Continental Grain Co. v. Barge FBL585*, 364 U.S. 19,

26, 80 S.Ct. 1470, 1475 (1960)).  The decision to transfer to an appropriate

alternative forum is left to the discretion of this Court.  *SIAS v. Law Offices of*

---

[1] Ab Coaster did not serve its Complaint until January 17, 2011.

*Andreu, Palma*, Civ. No. 10-3773, 2011 U.S. Dist. LEXIS 10085, at *5 (D.N.J.

Feb. 2, 2011) (citations omitted); *see also Solomon v. Continental Am. Life Ins.*

*Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973) (district court "vested with a large

discretion" when deciding transfer motions under Section 1404).

The Third Circuit considers more than just the three factors enumerated in

Section 1404, *i.e.*, convenience of the parties, convenience of the witnesses, and

the interests of justice, when deciding whether "on balance the litigation would

more conveniently proceed and the interests of justice be better served by transfer

to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.

1995). Rather, courts in the Third Circuit consider "many variants of the private

and public interests protected by the language of [Section] 1404." *Id.* These

interests are discussed in more detail below.

### A.    Utah is A Proper Venue for this Action

As a threshold matter, it is undisputable that Ab Coaster could have filed this

suit in the United States District Court for the District of Utah. Pursuant to 28

U.S.C. § 1391 (c), venue is proper in Utah because ICON resides in Utah and is

clearly subject to personal jurisdiction in Utah. ICON is headquartered in Utah,

ICON has manufacturing facilities in Utah, and has significant and extensive

contacts with the State of Utah. Thus, the Court must balance the convenience and

interest of justice factors with respect to the chosen forum of New Jersey and the preferred forum of Utah.

**B.     Private Interest Factors**

Private interests may include (1) plaintiff's choice of forum, (2) defendant's preferred forum, (3) whether the claim arose elsewhere, (4) convenience of the parties, (5) convenience of the witnesses, insofar as witnesses may be actually unavailable for trial in one of the fora, and (6) physical location of documents and files. *Jumara*, 44 F.3d at 879.

**1.     Plaintiff's Choice of Forum vs. Defendant's Preferred Forum**

Although a plaintiff's choice of forum generally carries significant weight, it warrants less deference when a plaintiff's choice of forum "has little connection with the operative facts of the lawsuit." *Rappaport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 499 (D.N.J. 1998).

Neither Ab Coaster nor ICON are incorporated or headquartered in New Jersey.  Ab Coaster's complaint states that jurisdiction is proper in New Jersey because ICON does business in New Jersey, maintains a website that is available in New Jersey, and attends trade shows in New Jersey.  (Complaint at ¶4.)  ICON does not dispute that it is subject to personal jurisdiction in New Jersey; rather, and not surprisingly, ICON prefers to litigate this case in Utah.  ICON's witnesses are in Utah, and ICON is headquartered in Utah.  Indeed, the *de minimus* contact that

6

ICON has with New Jersey (*i.e.*, a handful of websites available anywhere with an Internet connection and not specifically targeted to New Jersey residents) does not come close to outweighing the abundance of factors that necessitate a transfer to the more proper forum in Utah. *See Brinkmeier v. Exergen Corp.*, Civ. No. 10-176, 2011 WL 8948, at *3 (D. Del. Jan. 3, 2011) (granting motion to transfer from Delaware when defendant "is not a Delaware corporation and Delaware represents a very small market" for defendant's products). This factor weighs in favor of transfer.

## 2.   The Asserted Claims Arose in Utah

In a patent infringement case, the claim arises where the development, testing, research, and production of the alleged infringing activity occurred, as well as where marketing decisions are made. *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 482 n.17 (D.N.J. 1993). The forum where these activities took place is considered the "center of gravity" for an infringement action, and is therefore the preferred forum. *Id.* The mere fact that an action could have been filed in the chosen forum, *i.e.*, the defendant is subject to the jurisdiction of that court, does not mean that the action should stay in the chosen forum, if the convenience factors indicate that transfer is appropriate. *See Cirrex Sys., LLC v. InfraReDx, Inc.*, Civ. No. 10-3952, 2010 WL 3431165, at *2 (S.D.N.Y. Aug. 31, 2010).

Utah is the "center of gravity" for the accused activity in this Action. The Ab Glider product was designed, developed, tested, and sold in Utah. ICON is headquartered in Utah. The inventors and developers of this product all reside in Utah. The principal product manager responsible for the Ab Glider at ICON resides in Utah. The contact person for the Chinese manufacturer resides in Utah. All documents related to the design, development, manufacture, and sale of the Ab Glider are located in Utah. Thus, selling a few products in New Jersey establishes at best a minor connection that "is not sufficient to warrant retention of this action" in New Jersey. *See Cirrex*, 2010 WL 3431165 at *4 (attendance of a single conference and sales amounting to only 3.5% of defendant's revenue are not sufficient bases for suit in a given forum). This factor weighs in favor of transfer.

### 3.   New Jersey is convenient to neither party, Utah is convenient to ICON

Transfers under Section 1404(a) are intended to decrease the overall inconvenience to the parties, not merely switch the inconvenience from one party to the other. *Ballard Med. Prod. v. Concord Labs., Inc.*, 700 F. Supp. 796, 801 (D. Del. 1988).

As stated above, Ab Coaster's and ICON's connections to New Jersey are particularly thin. Both parties will have to travel in order to litigate in New Jersey. Admittedly, the distance between Ab Coaster's headquarters in Wilmington and the courthouse in New Jersey is approximately the same distance between ICON's

headquarters in Logan and the courthouse in Salt Lake. However, Ab Coaster is traveling into a completely different state and judicial jurisdiction, and, as noted above and discussed in more detail below, New Jersey has little connection to either of these parties or this Action. ICON is merely traveling to the only federal courthouse in its home forum.

The only connections Ab Coaster has to New Jersey are that Ab Coaster's counsel is located in New Jersey and one of the inventors of the patents-in-suit may reside in New Jersey. However, inconvenience to counsel is irrelevant. *See Cirrex*, 2010 WL 3431165, at *3 (granting transfer of case from New York, noting that "any inconvenience to [plaintiff's] New York-based counsel is irrelevant).

ICON also has minimal contact with New Jersey. ICON has made only a few sales in New Jersey, has never attended a trade show in New Jersey at which the Ab Glider was displayed or offered for sale, and has never sold any Ab Glider product to any retail partner headquartered in New Jersey. In contrast, ICON's contacts to Utah are extensive, as described above. Thus, this factor weighs in favor of transfer.

### 4.   ICON's Material Witnesses Are Located In Utah

When a substantial number of material witnesses reside within the transferee venue, and few or none of the witnesses reside with the transferor venue, this factor weighs in favor of transfer. *Teleconference Sys. v. Proctor & Gamble*

*Pharm.*, 676 F. Supp. 2d 321, 332 (D.N.J. 2009).  The court must do more than just tally up the number of witnesses in each forum; rather, the court must engage in a qualitative evaluation of the materiality of testimony that each witness may provide.  *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004).  Thus, the location of witnesses that will testify as to the issues of infringement and invalidity in an infringement action is the critical inquiry.  *Id.*  In patent infringement actions, it is not the location of the plaintiff's business that matters, rather, it is the location of "the [allegedly] infringing device and the hub of activity centered around its production."  *LG Elec's, Inc. v. First Intl'l Computer, Inc.*, 138 F. Supp. 2d 574, 590 (D.N.J. 2001).

Most of the witnesses that ICON will call to testify in this Action are located in Utah.  ICON's witnesses include the engineers responsible for the design and development of the Ab Glider and the product managers responsible for the manufacture and sale of the accused Ab Glider.  Because ICON has pending patent applications that implicate its Ab Glider product, ICON may also rely upon testimony from its patent prosecution attorneys, who are also located in Utah.  ICON's marketing and sales teams are also located in Utah.  Thus, as the "hub of activity" for the allegedly infringing Ab Glider product, Utah is the more proper forum.  As discussed above, it appears that the only witness located in New Jersey

is Mr. Brown.  However, because most of the witnesses in this Action are not

located in New Jersey, this factor weighs in favor of transfer to Utah.

### 5.   ICON's Documents and Files are Located in Utah

"In patent infringement cases, the bulk of the relevant evidence usually

comes from the accused infringer.  Consequently, the place where the defendant's

documents are kept weighs in favor of transfer to that location." *Illumina, Inc. v.*

*Complete Genomics*, Civ. No. 10-649, 2010 WL 4818083, at *5 (D. Del. Nov. 9,

2010) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 1999)).  This

Court has considered this factor "only to the extent that files could not be produced

in an alternative forum," and that this factor is at best neutral, "[i]n this current

electronic age, [when] it is difficult to imagine that business files cannot be

produced in an alternate forum." *Advanced Techs. v. Nokia Siemens Networks US,*

*LLC*, Civ. No. 09-cv-6233, 2010 WL 3522794, at *9 (D.N.J. Sept. 2, 2010)

(unpublished).  However, other courts, including the Federal Circuit, have declined

to render this factor superfluous, rejecting arguments that in this age of electronic

storage and transmission, the physical location of documents is less important to

the transfer analysis. *See Genentech*, 566 F.3d at 1346; *Norman IP Holdings, LLC*

*v. Casio Computer Co.,* Ltd., Civ. No. 6:09-cv-270, 2010 WL 4238879 at *5, (E.D.

Tex. Oct. 27, 2010) (burden of transporting documents is relevant to transfer

analysis, despite possibility of electronic production).

11

The corporate documents related to development of the accused Ab Glider product, manufacturing of the Ab Glider, and the marketing and sales of the Ab Glider are located at ICON's headquarters in Utah. Ab Coaster is headquartered in Delaware; presumably, its documents are located in Delaware. As the accused infringer, ICON is likely to produce the bulk of the relevant evidence. Even if documents concerning the patents-in-suit are maintained in Ab Coaster's counsel's New Jersey office, this fact "is insufficient to defeat transfer." *Cirrex*, 2010 WL 3431165, at *3. Trying this case in New Jersey requires that both parties transport documents to foreign jurisdictions, which is not convenient. Thus, this factor weighs in favor of transfer.

### C.    Public Interest Factors

In addition to the private interest factors, the court must consider several public interest factors when evaluating whether transfer is appropriate. These public interest factors that are relevant in this case include: (1) enforceability of the judgment, (2) any practical considerations that may make trial easier, expeditious, or inexpensive, and (3) local interest in deciding local controversies at home. *Jumara*, 44 F.3d at 879. Even allowing for "paramount consideration" of the plaintiff's choice of forum, if the balance of convenience strongly weighs in favor of defendant, then transfer is appropriate. *Id.* (citing *Shutte v. Armco Steel Corp.*,

431 F.2d 22, 25 (3d Cir. 1970)).  In this Action, all of the public interest factors

weigh in favor of transfer to Utah.

### 1.    A Judgment In Utah Is Easily Enforced Against ICON

This factor is related to the "claims arose" private interest factor.  *See*

*Refined Recommendation Corp. v. Netflix*, Civ. No. 2008 WL 474106, at *4

(D.N.J. Feb. 14, 2008) (unpublished).  A plaintiff can more easily enforce a

judgment against an infringer in the same forum where the infringing product's

"development, testing, research, and production occurred."  *Id*.  Thus, because the

"center of gravity" for this action is Utah, this factor weighs in favor of transfer.

### 2.    Practical Considerations Weigh In Favor Of Transfer To Utah

Practical considerations are those that could make trial easier, quicker, or

less expensive.  *Jumara*, 55 F.3d at 879-90.  Analysis of this factor often mirrors

the analysis regarding convenience of the parties and witnesses.  *See Illumina*,

2010 WL 4818083, at *6.  The court may also consider any related actions that

may be pending in other fora, [2] and find that judicial economy and the interests of

justice weigh in favor of transfer.  *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp.

---

[2]Ab Coaster filed an infringement action on the same patents at issue here in
the U.S. District Court for the Central District of California late in 2010.  *See*
Declaration of James P. Flynn ("Flynn Decl."), Exh. A.  This case was transferred
to the U.S. District Court for the Southern District of Ohio.  This action was
transferred based on forum non conveniens grounds under 28 U.S.C. § 1404(a).
*See* Flynn Decl., Exhs. B and C.

2d, 349, 357-58 (D. Del. 2009).  Statistical data regarding the relative congestion

of the transferor and transferee courts' dockets may also be considered.  *See*

*Solomon*, 472 F.2d at 1047.

As discussed above, the convenience of parties and witnesses, and the

private and public interest factors weigh in favor of transferring this Action to

Utah.  To ICON's knowledge, there are no other related cases currently pending in

any other jurisdiction.  Therefore, this part of the analysis is neutral.  However, the

Utah Court is considerably less congested than the New Jersey Court.  According

to the Federal Judicial Caseload Statistics,[3] 5,745 new cases were filed in New

Jersey during the 12-month period ending on March 31, 2010, whereas only 955

new cases were filed in the Utah Court during the same time period.  In New

Jersey, the average time to trial was 31.6 months, while in Utah it was slightly

shorter at 30.6 months.  In light of this and the other practical considerations

related to convenience, this factor weighs in favor of transfer.

### 3.      Utah Has An Interest In Adjudicating The Conduct Of ICON

"Patent infringement lawsuits are matters of national concern that are not

'local controversies,' nor do they implicate the public policies of any one forum."

*COA Network, Inc. v. J2 Global Comm's, Inc.*, Civ. No. 09-6505, 2010 WL

---

[3]Tables located at http://www.uscourts.gov/Viewer.aspx?doc=/uscourts
/Statistics/FederalJudicialCaseloadStatistics/2010/tables/C05Mar10.pdf, last
accessed February 9, 2011.  *See* Flynn Decl., Exh. D.

2539692, at *5 (D.N.J. Jun. 17, 2010) (unpublished).  However, when a plaintiff's

chosen forum has little or no connection to a case, the burden of jury ought not to

be imposed on the residents of that forum.  *SIAS*, 2011 U.S. Dist. LEXIS 10085, at

*5 (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 529-30 (1994), superceded by

statute on other grounds).  Further, a transferee court has a "strong interest in

overseeing conduct of defendant located in the transferee state."  *Suhre Assoc's,*

*Inc. v. Interroll Corp.*, No. 05-4332, 2006 WL 231675, at *2 (D.N.J. Jan. 31, 2006)

(unpublished).

   Insofar as this suit generates any local interest, that interest lies in Utah.

New Jersey, on the other hand, has very little interest in adjudicating the conduct

of either Ab Coaster or ICON, since both corporations are headquartered out of

state and only a small percentage of ICON's Ab Glider products have been sold in

New Jersey.  Further, burdening the New Jersey Court and a New Jersey jury with

this Action is an unfair burden to place on a community that has no connection at

all to either party or the controversy at hand.  Thus, this factor weighs in favor of

transfer.

## IV.   CONCLUSION

ICON respectfully requests that the Court grant its motion to transfer this

Action to the Utah Court because the balance of convenience and public and

private interest factors favor litigating this Action in ICON's home forum.

DATED this 22nd day of February, 2011.

EPSTEIN BECKER GREEN

By_____

James P. Flynn (jflynn@ebglaw.com)
EPSTEIN BECKER GREEN
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 642-1900
Facsimile:  (801) 639-8931

Attorneys for Defendant
ICON HEALTH & FITNESS, INC.

16

## PROOF OF SERVICE

The undersigned declares that he/she is over the age of 18 years, not a party to this action, and employed in the County of Essex, by Epstein Becker & Green, One Gateway Center, Newark, New Jersey, 07102.  On the date listed below, I served copies, with all exhibits and attachments, of the foregoing **DEFENDANT ICON HEALTH & FITNESS, INC.'S  MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** on the following individuals and entities, as addressed below, by means of the electronic case filing ("ECF") system of the United States District Court for the District of New Jersey:

>
> Edward P. Bakos
> Noam J. Kritzer
> Bakos & Kritzer
> 147 Columbia Turnpike
> Florham Park, New Jersey  07932

I furthered caused a courtesy hard copy of all papers to be served via regular mail on the Hon. Susan Wigenton, United States District Court Judge, and the Hon. Madeline Cox Arleo, United States Magistrate Judge, at their respective chambers located at 50 Walnut Street, Newark, New Jersey.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 22, 2011, at Newark, New Jersey.