*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AB COASTER HOLDINGS, INC., a Delaware corporation, | : : : | |
| Plaintiff, | : : | Civil Action No. 2:10-CV-06760(ES-CLW) |
| v. | : : : | OPINION |
| ICON HEALTH & FITNESS, INC., a Delaware corporation, | : : : | |
| Defendant. | : : : | December 29, 2011 |

Pending before this Court is a motion by Defendant Icon Health & Fitness, Inc., ("Defendant") to Transfer Venue pursuant to 28 U.S.C. §1404(a) to the United States District Court for the District of Utah (the "Motion"). (Docket Entry No. 6, "Def. Motion"). The Court has reviewed the submissions in favor of and in opposition to the Motion. For the reasons set forth below, the Motion is hereby **GRANTED**.

I. BACKGROUND

AB Coaster Holdings, Inc. ("Plaintiff"), a Delaware corporation, filed a complaint against Defendant on December 23, 2010 in the United States District Court for the District of New Jersey. (Docket Entry No. 1, "Complaint" dated December 23, 2010 at ¶ 1). Plaintiff holds the entire right, title, and interest in United States Patent Nos. 7,455,633 (the "633 Patent") and 7,485,079 (the "079 Patent"). Id. at ¶¶ 5, 7. Plaintiff and its licensee, Ab Coaster, LLC (The "LLC" or "Ab Coaster, LLC"), focus on a single product line covered by the patents-in-suit, with yearly revenues in the range of $2-3 million. Docket Entry No. 8-1, the "Augustine Declaration" dated March 7, 2011 at ¶ 5. Ab Coaster, LLC is not a party to this action; Plaintiff asserts that the

LLC possesses "100%" of the documents identified to date as relevant to this lawsuit and that at least three of the individuals whose testimony may be required at trial work there regularly. Id. at ¶ 7-8.

Defendant Icon is a Delaware corporation headquartered in Logan, Utah. Docket Entry No. 6-2, the "Daleabout Declaration", dated February 18, 2011 at ¶ 5. Icon owns many prominent fitness equipment brand names and reports annual sales of approximately $1 billion. Id. at ¶ 6. Icon has designed and developed a product called the Ab Glider. Id. at ¶ 9. All those responsible for the research, development, design, manufacture, and prosecution of pending patent applications relating to the Ab Glider are located in Utah. Id. at ¶¶ 9-13. Icon competes in the national and international market for fitness equipment and its Ab Glider allegedly infringes AB Coaster's patent in an "Abdominal Exercise Machine." Complaint at ¶ 7.

On December 23, 2010, Plaintiff commenced this action for patent infringement, alleging that the Ab Glider embodies or uses the inventions claimed in the '663 and '079 Patents. Complaint at ¶¶ 8-9. On February 22, 2011, Defendant filed a motion to transfer this action to the United States District Court for the District of Utah. Plaintiff opposes the said motion. For the reasons set forth below, this Court finds that Defendant has met its burden of establishing the appropriateness of transfer.

## II. PARTY'S ARGUEMENTS

Defendant Icon argues that the action should be transferred for the convenience of the parties. Utah is more convenient for Defendant and, because Plaintiff is headquartered in Delaware, Defendant argues that Utah would present no greater inconvenience for Plaintiff than New Jersey. (Def. Motion at 8). Moreover, Defendant points out that the papers, witnesses, and

underlying facts regarding design and development of the accused product are all located in Utah. (Def. Motion at 9, 11).

Plaintiff argues that the Court should deny the motion based on the deference generally accorded to a plaintiff's choice of forum and because Plaintiff has significant business ties to a company headquartered in New Jersey. (Docket Entry No. 8, Brief in Opposition to Defendant's Motion to Transfer Venue ["Pl. Opposition"] at 13, 20). This company is the sole patent licensee and its employees would testify about the licensing relationship, damages caused by the alleged infringement, and the local and global retail fitness equipment markets. (Pl. Opposition at 6-8).

### III. LEGAL STANDARD

#### A. 28 U.S.C. § 1404(a)

The decision to transfer an action remains in the sound discretion of the district court. See Plum Tree Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973). The Court must consider all relevant factors to decide if "litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 498 (D.N.J. 1998). The moving party has the burden of establishing that transfer is appropriate and must establish that the alternative forum is more convenient than the present forum. See Santi v. National Business Records Management, LLC, 722 F.Supp.2d 602, 606 (D.N.J. 2010); See also Jumara, 55 F.3d at 879 (3d Cir. 1995) (the burden of establishing the need for transfer belongs to the defendant.)

A motion under § 1404(a) allows transfers "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under that statute, district courts should consider three factors:

(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.  See Jumara, 55 F.3d at 879.

The Third Circuit has provided several other private and public factors that courts should consider, in addition to those of the statute, when deciding whether to transfer an action. Id. "The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses— but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. at 879 (internal citations omitted).

Among the public interest factors are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." Id. (internal citations omitted).

A plaintiff's choice of venue generally should not be lightly disturbed. See id. Deference to the plaintiff's choice of a forum can be overcome, however, if the moving party convinces the court that the alternative forum would be more convenient than the present forum. See Sonic Supply, LLC v. Universal White Cement Co., Inc., No. 07-CV-04529, 2008 WL 2938051, at *5 (D.N.J. July 29, 2008) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)). Additionally, if plaintiff's choice of forum does not coincide with the forum where the operative facts of the lawsuit occurred, less weight will be accorded to that choice. See American Tel. & Tel. Co. v. MCI Communications Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990); Newcomb v.

Daniels Saltz Mongeluzzi & Barrett, 847 F. Supp. Notably, courts give less weight to a plaintiff's choice of forum when the dispute at the heart of a lawsuit occurred almost entirely in another state. Santi, 722 F.Supp.2d at 607.

### B. 28 U.S.C. § 1391

A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same [s]tate [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(a)(1), (a)(2). Furthermore, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. §1391(c).

## IV. ANALYSIS

As a threshold matter, transfer is only appropriate where the Court has determined the transferee court is one where the action could have been brought. See, e.g., Aventis Pharma S.A. v. Sandoz, Inc., No. 06-3671, 2007 WL 1101228, at *3 (D.N.J. Apr. 10, 2007). The Court notes that Defendant Icon's international headquarters are in Utah, as are many of Defendant's other core tasks and facilities, including the research and development center, testing labs, injection molded plastics plant, and main manufacturing facility. (Daleabout Decl. at ¶ 5.) Additionally, the allegedly infringing item ("Ab Glider") was designed and developed in Utah (although it is manufactured in China). (Daleabout Decl. at ¶¶ 9, 12.) This satisfies the requirements of 28 U.S.C. § 1391(a)(1) and (a)(2) such that Plaintiff could have brought this action in the District of Utah. Thus, the Court will evaluate the Motion according to the relevant public and private interest factors.

### A.  Private Interests Analysis

Among the private interests to be weighed are: (1) Plaintiff's choice of forum, (2) Defendant's preferred forum, (3) where the claim arose, (4) convenience of the parties, (5) convenience of the witnesses, to the extent that witnesses may be unavailable for trial in one of the fora, and (6) physical location of documents and files.  Jumara, 44 F.3d at 879.  The Court will address the relevant factors in turn.

      i.      Plaintiff's Choice of Forum

Plaintiff's expressed choice of forum is New Jersey.  Plaintiff's preference would ordinarily weigh against transfer to Utah, except that New Jersey does not have a strong connection to the operative facts of this lawsuit.  For the reasons stated below, the Court finds that Plaintiff's choice of forum is insufficient to avoid transfer to Utah.

While the Plaintiff's choice of forum is entitled to some deference, the level "'diminishes where the plaintiff chooses a foreign forum rather than his or her own forum' and 'decreases even further where the central facts of a lawsuit occur outside the chosen forum.'"  Eastman v. First Data Corp., No. 10-4860 2011 WL 1327707, at *3 (D.N.J. Apr 5, 2011) (Citing Peikin v. Kimmel & Silverman, P.C., 576 F.Supp.2d 654, 660 (D.N.J 1998)).

Plaintiff is a Delaware corporation with its principal place of business in Delaware.  Therefore, by choosing to bring this action in New Jersey, Plaintiff has not selected its home forum.  Moreover, Plaintiff fails to persuasively argue that the central facts of the lawsuit occurred in New Jersey.  Plaintiff notes that its sole licensee for the product protected by the Patent is Ab Coaster, LLC, a company incorporated and principally operating in the State of New Jersey.  Furthermore, the record reflects that Defendant distributes the accused product through its retail partners throughout New Jersey.  However, since both parties distribute their

6

products throughout the country, Plaintiff's argument would support venue in all fifty states. Accordingly, because New Jersey is not the Plaintiff's home forum and the central facts of the lawsuit have no unique connection to the State, the Court finds that Plaintiff's choice of forum in New Jersey is entitled to less deference.

   ii. <u>Where the Claims Arose</u>

To determine where a claim "arose," it is necessary to look to the district in which "the contacts weight most heavily." <u>Hitachi Cable Am. Inc. v. Wines</u>, No. 85-4265, 1986 WL 2135, at *4 (D.N.J. Feb. 14, 1986). In a patent infringement case, the claim arises where the development, testing, research, and production of the alleged infringing activity occurred, as well as where marketing decisions are made. <u>Ricoh v. Honeywell, Inc.</u>, 817 F. Supp, 473, 482 n.17 (D.N.J. 1993). The basic facts underlying this suit for patent infringement will be determined through examination of the process by which Defendant Icon designed and created the plans for the accused product. See <u>Refined Recommendation Corp. v. Netflix, Inc.</u>, No. 07-4981 (DMC), 2008 U.S. Dist. LEXIS 11541, at *11 (D.N.J. Feb. 15, 2008) ("In patent infringement cases, 'as a general rule, the preferred forum is that which is the center of gravity of the accused activity.' To determine the 'center of gravity,' consideration must be offered to the location of the product's development, testing, research, and production, as well as where marketing decisions are made, 'rather than where limited sales activity has occurred.'") (quoting <u>Ricoh Co. v. Honeywell, Inc.</u>, 817 F. Supp. 473, 482 (D.N.J. 1993)).

Defendant argues that this center of gravity is located in Utah, its preferred forum, because the accused product was designed, developed, tested, and sold in Utah, meaning that many related witnesses and all related documentation associated with that process are also located at Defendant's headquarters in Utah. Def. Motion at 7-8. Plaintiff argues that it

7

maintains strong ties to New Jersey through: (1) Ab Coaster, LLC, its sole licensee for the patents-at-issue, which is headquartered and incorporated in New Jersey, (2) the sale of Ab Coaster products in New Jersey through its third party distributor (Tristar), and (3) the location where Plaintiff and its licensee were harmed by the alleged infringement. However, Plaintiff is unable to cite any authority supporting these factors as legally relevant to determining where an infringement claim arose. More persuasively, Defendant points out that the Ab Glider was designed, developed, tested, and sold in Utah. Having hosted the vast majority of the alleged infringing activity, Utah is the "center of gravity" for this action.

Plaintiff has not demonstrated that any operative facts occurred in New Jersey, but instead points to the fact that Plaintiff has strong ties to the chosen forum state. Plaintiff sells products under the patents-at-issue in New Jersey and both the corporation and some of its officers pay personal and corporate taxes to New Jersey derived from the sale of the product within the state. (Pl. Opposition at 13-14). However, Plaintiff's witnesses and documents will be of limited use in establishing damages if any infringement is found. These contacts will not address the operative facts of whether Defendant infringed Plaintiff's patent. Because the Court has determined that the center of gravity in this patent infringement action is properly located in Utah, the Plaintiff's choice of forum is consequently entitled to less deference. See American Tel. & Tel. Co., 736 F. Supp. at 1306. The factor of where the underlying facts of the suit arose favors transfer to Utah. See Ricoh, 817 F. Supp. at 482.

    iii.    Convenience of the Parties

In considering the convenience of the parties, district courts focus on the relative physical and financial condition of the parties. Santi, 722 F.Supp.2d at 608. If both parties have a preference but neither can show the balance of convenience factors "tips strongly in his favor,"

the party with a stronger financial condition is better suited to bear the inconvenience of a foreign forum.  See Schreiber v. Eli Lilly & Co., Civ. No 05-cv-2616, 2006 U.S. Dist. LEXIS 13477, at *32-33 (E.D. Pa. March 27, 2006).  To that end, Plaintiff argues that Defendant has financial resources that are more extensive.

The Court finds that the Schreiber matter is distinguishable from the case *sub judice* in that the plaintiffs therein were a college professor, a small corporation, and a not-for-profit educational institution.  Id. at 33.  Here, although Defendant is admittedly a larger corporation than Plaintiff, the relative physical and financial conditions of the parties do not impact a transfer analysis because the bulk of evidence that must be produced in a patent infringement case will be produced by the accused product's maker, the Defendant.  See Illumina, Inc. v. Complete Genomics, Civ. No. 10-649, 2010 WL 4818083, at *5 (D. Del. Nov. 9, 2010) (citing In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 1999)) ("In patent infringement cases, the bulk of relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").  Accordingly, although Defendant has superior financial condition, it will be more inconvenienced defending this suit in New Jersey than would Plaintiff be inconvenienced should the Court transfer the suit to Utah.  Financial strength is only one factor in the balancing of convenience and its presence alone does not require a party to bear an inconvenient venue.

      iv.    Convenience of the Witness

Neither party has contended that it intends to produce witnesses or documents that are unavailable in one of the two potential fora—only that each finds its preferred forum to be more convenient in terms of distance to travel.  Indeed most of the witnesses identified by the parties are party-affiliated: direct employees or, for Plaintiff, employees of Plaintiff's sole licensee.  See

9

Affymetrix Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998) (witnesses who are employed by a party are presumed capable and willing to testify and so carry no weight in the Jumara convenience analysis). Therefore, the convenience of the witness analysis is neutral.

Although Plaintiff's preference would ordinarily weigh against transfer to Utah, New Jersey does not have a strong connection to the operative facts of this lawsuit. The Court finds that the private interest analysis favors transfer to Utah.

**B.  Public Interests Analysis**

While the Court does not assign dispositive weight to the public factors analyzed below, these considerations are either neutral or support transfer to the District of Utah.

    i.       Enforceability of a Judgment

Plaintiff can more easily enforce a judgment against an infringer in the same forum where the infringing product's "development, testing, research, and production occurred." Refined Recommendation Corp. v. Netflix, Civ no. 07-04981, 2008 WL 474106, at *4 (D.N.J. Feb. 14, 2008). Therefore, this factor weighs in favor of transfer.

    ii.      Practical Considerations

This factor parallels the convenience of the parties and witnesses analysis discussed above. The court reiterates its finding with respect to those private factors. Additionally, the practical considerations provide little guidance for the ultimate determination of whether to transfer the suit as no other actions are pending in either forum where jurisdiction could be had.

    iii.     Court Congestion

Both sides argue that statistics on court congestion is the Districts of Utah and New Jersey support their respective positions. The Court finds little reason to favor either side, as the

different figures can be used to make inapposite conclusions.  See Johnson v. Nextel, No. 06-5547, 2007 U.S. Dist. LEXIS 70926, at 13.

Additionally, the factors of judicial economy and the interests of justice do not offer guidance because neither principle will be better served in one forum over the other. Moreover, the applicable law in this action is patent law, which Utah District Court judges are as familiar with as are judges here in New Jersey.  This is not a diversity case. Instead, "[p]atent claims are governed by federal law, and as such both [courts are] capable of applying patent law to infringement claims." In re TS Tech USA Corp., 551 F.3d 1315, 1320 (Fed. Cir. 2008). Therefore, this factor is neutral.

      iv.      The Local Interest in Deciding Local Controversies

Evaluating the interests of the forum in adjudicating the case, the Court finds that this factor weighs in favor of transfer.  Utah has an interest in regulating the conduct of its corporations.  While New Jersey also has an interest in protecting its corporations, Plaintiff is incorporated in Delaware, not New Jersey and the sole licensee, while incorporated in New Jersey, is not a named party to this case.  See Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F. Supp. 2d 560, 568 (D.N.J. 2000).  Accordingly, the public interest analysis tips in favor of transfer.

**IV.**    **Conclusion**

For the reasons set forth above, the undersigned hereby **GRANTS** Defendant's Motion to Transfer.  An appropriate order shall follow.

        s/ Cathy L. Waldor
        **CATHY L. WALDOR**
        **UNITED STATES MAGISTRATE JUDGE**